**E-FILED**
Wednesday, 17 August, 2005  08:57:18 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CR05-20025 |
| | ) | |
| LARRY WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S POSITION**
**REGARDING OPEN PLEA OF GUILTY**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States

of America by Jan Paul Miller, United States Attorney for the Central District of Illinois,

and Eugene L. Miller, Assistant United States Attorney, hereby submits to the Court the

following information regarding the defendant's plea of guilty in the above captioned

case:

THE CHARGES

1.      The two-count indictment in this cause charges the defendant with Theft

of Government Funds in violation of Title 18, United States Code, Section 641 and

Making a False Statement in violation of Title 18, United States Code, Section 1001.

ELEMENTS OF THE CHARGES

2.      The offense of Theft of Government Funds in violation of Title 18, United

States Code, Section 641 has the following elements, each of which the prosecution must

prove beyond a reasonable doubt:

- 2 -

(a).    First, that the money described in the indictment belonged to the United States and had a value in excess of $1000 at the time charged;

(b).    Second, that the defendant converted that money to the defendant's own use; and

(c).    Third, that the defendant did so with the intent to deprive the United States of the use or benefit of that money.

3.      The offense of Making a False Statement in violation of Title 18, United States Code, Section 1001 has the following elements, each of which the prosecution must prove beyond a reasonable doubt:

(a).    First, that the defendant made a false representation;

(b).    Second, that the representation was material;

(c).    Third, that the representation was made knowingly and willfully; and

(d).    Fourth, the representation was made in a matter within the jurisdiction of the executive branch of the government of the United States.

4.      A statement is false if untrue when made and then known to be untrue by the person making it.

5.      A statement is material if it had the effect of influencing the action of the body or agency, or was capable of or had the potential to do so.  It is not necessary that the statement actually have that influence or be relied on by the body or agency, so long as it had the potential or capability to do so.

6.      The term "knowingly" means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.

- 3 -

7.      An act is done willfully if done voluntarily and intentionally, and with the intent to do something the law forbids.

POTENTIAL PENALTIES

8.      The charge of Theft of Government Funds in violation of Title 18, United States Code, Sections 641 is a Class C felony and has the following potential penalties:

      (1)      Maximum ten year period of imprisonment;

      (2)      Maximum $250,000 fine; and

      (3)      Maximum three year period of supervised release.

9.      The charge of Making a False Statement in violation of Title 18, United States Code, Section 1001 is a Class D felony and has the following potential penalties:

      (1)      Maximum five year period of imprisonment;

      (2)      Maximum $250,000 fine; and

      (3)      Maximum three year period of supervised release.

10.      The sentences on each count to which the defendant is pleading guilty may be ordered to be served concurrently or consecutively (in addition to each other).

11.      The defendant will be required to pay the mandatory $100 Special Assessment for each count of the Indictment to which the defendant is entering a Plea of Guilty as required under Title 18, United States Code, Section 3013, for a total of $200.

12.      Upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

- 4 -

13.     The Court may be required to order the defendant to pay restitution. Restitution may include the cost of incarceration and supervision.  The Court may order restitution in whatever amount it deems proper.

14.     The Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines.  The Court must consider the advisory Sentencing Guideline range when imposing sentence.  The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed.  The Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, after considering the United States Sentencing Guidelines, which are advisory, and tailoring the sentence in light of other statutory concerns pursuant to 18 U.S.C. § 3553. Although the Sentencing Guidelines are advisory, the Court may choose to impose sentence in accordance with the Sentencing Guidelines.

15.     The defendant will not be allowed to withdraw his guilty plea because of an objection to the calculation of the advisory Sentencing Guidelines or to the Court's sentencing findings or rulings.

FACTUAL BASIS FOR PLEA

16.     The United States hereby submits that if this matter went to trial it would present the following facts to a jury to prove the defendant's guilt of the charged offense beyond a reasonable doubt:

- 5 -

The defendant, Larry Washington, worked for Metra in Chicago as a sheet metal worker from September 1978 through October 1999.  On February 8, 2000, the defendant filed for a Railroad Retirement Board (RRB) disability annuity, wherein he claimed that he suffered from a back injury that prevented him from working as a sheet metal worker.  The RRB is a part of the executive branch of the government of the United States, and representations concerning RRB disability benefits are within the jurisdiction of that branch.  As an occupational disability annuitant, the defendant was allowed to work only if (1) he informed the RRB of his employment; (2) if the current employment reconciled with his particular disability; and (3) if he earned less than $400/month and less than $4,800/year. As part of his application, he agreed to inform the RRB if he performed any work or if his condition improved.  He also certified that he was aware of his earnings restrictions and would inform the RRB if he earned above his earning restriction limit.

On October 12, 2000, the RRB ruled that the defendant was occupationally disabled due to his medical condition as of April 1, 2000.  From 1999 to 2004, the defendant received in total $110,307.11 in disability annuity payments from RRB directly deposited into the defendant's bank account.  During this time, the defendant was mailed "Disability Reminder Notices" that reminded the defendant that he needed to report to the RRB any work that he performed and that failure to report any such work could constitute a criminal violation.  The defendant never reported any employment to the RRB from 2000 to 2004.  In fact, on December 20, 2004, the defendant

- 6 -

completed and signed a "continuing disability report" that he sent to the RRB from his

home in Urbana, Champaign County, in the Central District of Illinois.  In the report,

the defendant stated that he had not worked for an employer since January 1, 2000.  The

report warned the defendant that "criminal penalties may be imposed upon [him] for

false or fraudulent statements, or for withholding information to misrepresent a fact or

facts material to determining a right to benefits under the Railroad Retirement Act."

In April 2005, the RRB Office of Inspector General, Office of Investigations (OIG)

learned from the Social Security Administration (SSA) that the defendant had received

wages in 2000, 2001, and 2004 for full-time employment with several employers at the

same time he was receiving disability benefits from the RRB.  The OIG contacted the

employers and confirmed that the defendant earned $13,791.64 during employment

with Marks Pest Control in 2000, $9,182.77 with Marks Pest Control and Supportive

Staffing Services in 2001, and $15,921.83 with Solo Cup Company in Urbana, in the

Central District of Illinois in 2004.  Due to exceeding his $4,800 per year earnings

restrictions, the defendant was overpaid a total of $40,315.04, which the defendant

converted to his own use, by the RRB from April 2000 to December 2004.

On April 22, 2005, Special Agents Paul Myers and Barbara London of OIG

interviewed the defendant at his Urbana, Illinois residence.  The defendant admitted

that he worked at Solo Cup Company, Supportive Staffing, and Marks Pest Control

from 2000 to 2004 while he received benefits from the RRB.  The defendant also

admitted that he was aware of his RRB earnings restrictions and that he earned well in

- 7 -

excess of his restrictions.  He also admitted he was aware that he was required to report

his employment to the RRB and that he failed to do so.  The defendant admitted that he

had made a false statement on the "Continuing Disability Report," and that he signed

the report and mailed it to the RRB from his home in Urbana.  The defendant

acknowledged that he knew his actions were illegal and completed a handwritten

confession.

### WAIVER OF RIGHTS BY PLEADING GUILTY

17.    By entering a Plea of Guilty, the defendant is waiving the following rights,

among others:

a.    The right to plead not guilty or persist in the plea of not guilty if

already made.  If the defendant persisted in a plea of not guilty to the charges the

defendant would have the right to a public and speedy trial.

b.    The right to a trial by jury.  The defendant has an absolute right to a

jury trial.  The jury would be composed of twelve persons selected at random.  The jury

would have to agree unanimously before it could return a verdict of either guilty or not

guilty.  The jury would be instructed that the defendant is presumed innocent, and that

it could not convict the defendant unless, after hearing all the evidence, it was

persuaded that the United States had met its burden of proving the defendant guilty

beyond a reasonable doubt.  The defendant could also ask for a trial by the Judge

instead of a trial by a jury.

c.    The right to the assistance of counsel.  The defendant has the right

- 8 -

to be represented by an attorney at every stage of the proceedings and, if the court finds

the defendant is unable to afford an attorney, one will be appointed to represent the

defendant at no cost to the defendant.

d.    The right to confront and cross-examine adverse witnesses.  At a

trial, the United States would be required to present its witnesses and other evidence

against the defendant.  The defendant would be able to see and hear those government

witnesses and the defendant's attorney would be able to cross-examine them.  In turn,

the defendant's counsel could present witnesses and other evidence on the defendant's

behalf.  If the witnesses for the defendant refused to appear voluntarily, their

attendance could be required through the subpoena power of the court.

e.    The right against compelled self-incrimination.  At a trial, the

defendant would have a privilege against self-incrimination so that the defendant could

decline to testify, and no inference of guilt could be drawn from the defendant's refusal

- 9 -

to testify.  If the defendant desired to do so, the defendant could testify on the

defendant's own behalf.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/ Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
eugene.miller@usdoj.gov

2:05-cr-20025-MPM-DGB     # 10      Page 10 of 10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2005, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following:

> Ms. Tiffani Johnson
> Assistant Federal Defender
> 300 West Main St.
> Urbana, IL 61802

> s/ Eugene L. Miller
> Eugene L. Miller
> Assistant United States Attorney
> United States Attorney
> 201 S. Vine St., Suite 226
> Urbana, IL 61802
> 217/373-5875
> FAX: 217-373-5891
> eugene.miller@usdoj.gov